## HORTON *v.* BOATRIGHT

No. 40520 October 21, 1957 97 So. 2d 637

*Kellner & Kellner,* Greenville, for appellant.

*Forrest G. Cooper*, Indianola, for appellee.

Holmes, J.

This is a partition suit, involving approximately 487 acres of land in Washington County. The appellee brought the suit against the appellant in the Chancery Court of Washington County, seeking a partition of the land in kind, an adjustment of the equities between the parties, and an accounting by the appellant as to rents, revenues and receipts derived from the operation of the land.

The appellee charged in her amended bill of complaint that she and the appellant were the owners and tenants in common of the land here involved, each owning an undivided one-half interest therein, and that the same was susceptible of a division in kind; that she and the appellant had jointly operated and farmed said land for the years from 1949 to May, 1954, the date of their separation, and that the receipts and revenues derived therefrom had been applied by the appellant, acting for the tenants in common, to the discharge of the obligations owing jointly by the appellant and appellee, including the discharge of liens and encumbrances on the land; that after she and the appellant separated in May 1954 the appellant took over without her consent the land in question and the operation thereof and had become liable to her for the reasonable rental value of her one-half interest in the land for the years 1954, 1955 and 1956.

The appellee's amended bill of complaint further made as defendants to the suit L. D. Horton and Mrs. L. D. Horton, alleging that they were interested parties in that they held notes that had been previously executed by the appellant and appellee to evidence the purchase price of the land and had filed suit to attach said land and impress a lien thereon to secure the payment of said notes.

The appellant in his answer admitted that he and appellee were the owners and tenants in common of the land, each owning an individual one-half interest therein, and that he was liable to the appellee for the reasonable rental value of her one-half interest in the land for the years 1954, 1955 and 1956. He denied that the land was susceptible of a partition in kind and denied that he and his wife had operated the land jointly. He averred that he had paid to discharge encumbrances and liens on the land a sum chargeable to the appellee's one-half interest therein in the amount of $17,268.34, and he sought by cross-bill a personal decree against the

appellee in said sum, and prayed that a lien be impressed upon the appellee's interest in said land.

The appellant also filed a special demurrer to portions of the amended bill of complaint alleging the following grounds of demurrer: (1) The claim of the complainant to a share of the alleged revenues from the use of her undivided one-half interest in the land involved was not propounded within one year from the receipt thereof by the defendant; (2) the complainant permitted the defendant to employ her share of the alleged revenues from the use of her undivided one-half interest in the land involved. There was no entry of an order expressly ruling on the demurrer but the effect of the interlocutory decree and final decree rendered in this cause was to overrule or deny the demurrer.

The record discloses the following undisputed facts: The appellant and the appellee were the owners and tenants in common of the land here involved, each owning an undivided one-half interest therein. They were formerly husband and wife. They were married on February 2, 1938, and, except for periodic separations of short duration, they lived together until May 1954, when they finally separated. They were formally divorce on March 26, 1955. When they were married, L. D. Horton and Mrs. L. D. Horton, parents of the appellant, had given the appellant 40 acres of cultivatable land in Washington County, located in the vicinity of the land here involved and on which the appellant and appellee resided after they were married. The appellant was also the owner of 160 acres of land in Washington County which he had purchased from the State and which was located in the vicinity of the land here involved. The appellant purchased 40 acres of cultivatable land from H. H. Rivers in the vicinity of the land here involved at the price of $5,000, which sum was borrowed from the appellant's father and was evidenced by five notes for $1,000 each maturing annually on November

15, 1944 to 1948 inclusive, secured by a deed of trust on the land purchased, which notes and deed of trust were jointly executed by the appellant and the appellee.

On December 15, 1948, the appellant and the appellee purchased from L. D. Horton and Mrs. L. D. Horton, the parents of appellant, the land here involved for the sum of $20,000, evidenced by ten notes for $2,000 each maturing annually on November 15, 1949 to 1958 inclusive, secured by a deed of trust on the land so purchased, which notes and deed of trust were executed by both the appellant and the appellee. The land so purchased was subject to a prior deed of trust thereon securing an indebtedness of approximately $4200 to the Connecticut General Life Insurance Company. On March 20, 1952, the appellant and the appellee refinanced and increased said indebtedness to the Connecticut General Life Insurance Company to the sum of $14,000, secured by a new deed of trust on the land executed by the appellant and the appellee. The old loan was repaid out of the proceeds of the new loan, leaving a balance of approximately $9,800, all of which with the exception of $800, which the appellant applied to indebtedness, was deposited in the bank subject to the check of either the appellant or the appellee. All funds derived from the operation of the land in question for the years 1949 to 1953 inclusive were deposited in bank subject to the check of either the appellant or the appellee.

The evidence was conflicting on the factual issues as to whether the land was susceptible of an equal division in kind, and as to whether the operation of the land was a joint operation, and as to whether the commissioners divided the land into equal shares as nearly equal in value as may be, having regard to the situation, quality, quantity, and advantages of each share. The evidence was likewise conflicting on the question of the reasonable rental value of the appellee's one-half interest in the land. The appellee's proof amply showed that the land was suscepti-

ble of an equal division in kind and that all of the land except about 90 acres was cutivatable land; that the operation of the land was a joint operation by the appellant and the appellee, and that the revenues derived from the operation of the land were applied to discharge liens and encumbrances thereon; that the commissioners divided the land into two equal shares as nearly equal in value as may be, having regard to the situation, quality, quantity and advantages of each share, and that a reasonable rental for the appellee's one-half interest in the land for each of the years 1954, 1955, and 1956 was $9.00 per acre for the cultivatable land.

The evidence on behalf of the appellant was to the effect that the land was not susceptible of an equal division in kind, that the land was operated by the appellant individually and not jointly with the appellee; that he applied the revenues from the land to the discharge of the obligations owing jointly by himself and the appellee, including the discharge of liens and encumbrances on the land securing such obligations; that the division as made by the commissioners was not an equal division.

Upon the conclusion of the evidence, the chancellor rendered a decree in favor of the appellee, finding and adjudging as follows: (1) That the parties hereto were tenants in common, each owning an undivided one-half interest in the land; (2) that commissioners should be appointed to determine whether the land could be divided in kind and, if so, to so partite the same; (3) that the obligations owing jointly and severally by said parties to the Connecticut General Life Insurance Company and L. D. Horton and Mrs. L. D. Horton, and for taxes and assessments, maturing prior to December 31, 1953, were paid out of revenues derived from joint operations and that appellant was not entitled to recover of the appellee on account of such payments and that there were no equities to be adjusted by reason of such payments; (4) that the appellant was required to account to the appellee

for a reasonable rent for her share of the land for the years 1954, 1955 and 1956, and that the reasonable rental for the appellee's one-half interest in the land for said years was $5400; (5) that the payments made on joint obligations were made out of the revenues of the land jointly operated and that appellant could not recover anything by reason of payments made on such obligations prior to December 31, 1953; (6) that Walter Boland, Leroy Percy and W. T. Grantham were appointed commissioners to partite the land and report back to the court; (7) that on final hearing, the equities be adjusted, the costs taxed equally, and that the appellant and the appellee remain jointly obligated on all joint obligations maturing after January 1, 1957.

Thereafter the commissioners, acting in accordance with their appointment, divided the land into two shares, numbers one and two, and reported their action to the court, representing the same to be a division of the land into equal shares as to value. The appellant filed exceptions to the report of the commissioners and later, on a day fixed therefor, a hearing of the case was had on said exceptions. Prior to the introduction of evidence on said hearing, the appellee, through her counsel in open court, offered to permit the appellant to exercise his choice as to which share he would take, stating that since objection was being made by the appellant to the partition by the commissioners upon the ground that one share was more valuable than the other, the appellant would thus be afforded opportunity to take the share which he deemed the most valuable. The appellant declined this offer and the case proceeded to a hearing on the exceptions to the report of the commissioners, resulting in a decree overruling such exceptions.

In the allotment of the shares, share number one was allotted to the appellee and share number two was allotted to the appellant. The court then rendered a final decree in the cause, confirming the partition as made

by the commissioners, allotting share number one to the appellee subject to outstanding liens and encumbrances, and share number two to the appellant subject to outstanding liens and encumbrances. The court further in its decree held that for the years 1954, 1955 and 1956, the appellant had exclusive use and occupation of the land and was liable to the appellee for rents as adjudged in the court's interlocutory decree, and the court further provided in its decree that "giving effect to the amounts paid by each of the said tenants in common on the indebtedness secured by liens on said lands maturing in 1954 and 1955, and giving effect to the rents as fixed by this court heretofore, the appellant was indebted by the appellee in the sum of $696.91, for which a decree was rendered in favor of the appellee and against the appellant directing that it be a lien on the appellant's interest in the land.

 █ On this appeal from the final decree of the chancellor, the appellant makes a number of contentions. The appellant contends, first, that the court erred in denying his demurrer. The first ground of the demurrer was predicated upon Section 456, Vol. 1A, Recompiled, Mississippi Code of 1942, providing, "If the husband receive and appropriate to his own use the property of his wife, or the income and profit of her property, he shall be debtor to his wife therefor; but neither he nor his representatives shall be accountable to his wife for the income or profit of her estate after the expiration of one year after the receipt of such income or profits . . . . ."

Even if it be conceded that the statute of limitations applies to an accounting between cotenants on the partition of property, which question it is not necessary for us to decide and we do not decide, it is apparent from the language of the statute invoked that it has no application to this case under the allegations of the amended bill and the evidence on behalf of the appellee which the court adopted. The statute applies where the hus-

band "receives or appropriates to his own use the property of his wife, etc." Under the allegations of the amended bill of complaint and under the appellee's evidence which the court adopted, the husband did not appropriate to his own use the property of his wife or the income therefrom, but the land was jointly operated by the parties and the revenues derived therefrom were jointly applied to the discharge of joint obligations, such as liens and encumbrances, etc.

The second ground of the demurrer was predicated upon Section 454 of Vol. 1A, Recompiled, Mississippi Code of 1942, restricting contracts between husband and wife, and providing that husband and wife shall not contract with each other so as to entitle the one to claim or receive compensation from the other for work and labor. Again this statute is not applicable. Under the allegations of the amended bill and the evidence for the appellee which the court adopted, the operation of the parties was a joint operation and there was not involved a contract between husband and wife for work and labor. Accordingly we find no error in the action of the trial court in not sustaining the demurrer.

The appellant further contends that the court erred in holding that for appellee's labor and work in the operation of the land jointly owned by her and the appellant, the appellee was entitled to compensation therefor to the extent of one-half the revenues of the operation. The appellant, in making this contention, misconceives the holding of the court and the basis thereof. The court did not hold that the appellee was entitled to compensation for her work and labor in the operation of the land. The court found from conflicting evidence that the operation of the land was a joint operation by the appellant and appellee, and that the revenues derived from this joint operation were properly applied to the discharge of encumbrances and liens on the land.

There is ample evidence to support this finding of the court and we are, therefore, of the opinion that this contention of the appellant is not well founded.

The appellant further contends that the court erred "in holding that the interest of the appellee in the revenues from the operation from 1949 to December 31, 1953 was sufficient to discharge her liability to the appellee for one-half of all payments made by the appellant on their obligations prior to December 31, 1953." Again we think that the appellant has misconceived the holding of the court and the basis thereof. The court did not hold that the appellee was under any liability to the appellant for one-half of payments made by the appellant on their joint obligations. The court found from the conflicting evidence that the operation of the land was a joint operation and that the joint revenues therefrom were sufficient to discharge the encumbrances and liens maturing prior to December 31, 1953. We think this finding of the court is amply supported by the evidence. We are accordingly unable to agree with this contention.

The appellant also contends that the court erred in excluding the evidence offered by the appellant as to the rental value of the land on the hearing of the objections to the report of the commissioners. On the hearing on the merits, the court heard evidence as to the rental value of the land and made its finding and decision with reference thereto. The appellant undertook to reopen this question and offer evidence with reference thereto on the hearing of the exceptions to the report of the commissioners. We think it was within the discretion of the chancellor to permit or not to permit this question to be reopened and to hear further evidence with reference thereto on the hearing of the exceptions to the report of the commissioners. We do not find that the action of the chancellor in this regard was an abuse of his discretion.

It is also urged by the appellant that the trial court erred in fixing the rental value of the appellee's

one-half interest in the land at $5400 for the years 1954, 1955 and 1956, and in holding that the land could be partited in kind in accordance with the report of the commissioners. The evidence bearing upon rental value and the susceptibility of the land to a partition in kind was conflicting. The chancellor resolved this conflict in favor of the appellee and we are unable to say that he was manifestly wrong, and we are therefore not warranted in disturbing his finding.

After a painstaking review of the entire record, we find no reversible error therein and accordingly the decree of the court below is affirmed.

Affirmed.

*Roberds, P. J.,* and *Lee, Arrington and Ethridge, JJ.,* concur.