HORTON, EXRX., et al. *v.* BOATRIGHT

No. 41964        October 23, 1961        133 So. 2d 725

154

*Ernest Kellner,* Greenville, for appellants.

*Cooper & Allen,* Indianola, for appellee.

McGEHEE, C. J.

Prior to 1954, the appellant, O. R. Horton, who is the son of L. D. Horton, deceased, and Mrs. L. D. Horton, and the appellee, Jewel Boatright, were husband and wife and they jointly owned 486 acres of land in Washington County, Mississippi, which they had acquired by conveyance from the said parents of O. R. Horton. Sometime prior to 1954, the said O. R. Horton and his wife separated and were divorced, and the maiden name of the wife, Jewel Boatright, was restored to her in the divorce decree.

Prior to the year 1957, the said Jewel Boatright filed a petition to have the land partited in kind. This was done and her portion of the land was set apart to her. O. R. Horton appealed the case to this Court and the partition decree was affirmed here. See 231 Miss. 666, 97 So. 2d 637, and Boatright v. Horton, 233 Miss. 444, 102 So. 2d 373. Thereupon she became the absolute owner of the part of the land theretofore set aside to her.

In the sale of the land the grantors, L. D. Horton and Mrs. L. D. Horton, received from O. R. Horton and his wife, Jewel Boatright, a series of promissory notes to evidence the purchase price of the land. Sometime about

the year 1957 the payees reduced to judgment the indebtedness evidenced by one of these notes, amounting to $1,525, including interest and attorney's fees. Jewel Boatright appealed from this judgment to the Supreme Court and the case was affirmed in 227 Miss. 698, 86 So. 2d 864.

The next day after the affirmance of the case and before any mandate of this Court had been issued, the said L. D. Horton and Mrs. L. D. Horton began advertising the land of Jewel Boatright under a sheriff's sale, which was made on April 7, 1958, under execution on the above mentioned judgment. This sale was thereafter, on September 5, 1958, declared to be null and void at the instance of Jewel Boatright by the Chancery Court of Washington County, Mississippi, and no appeal was prosecuted to this Court from that decree, and hence the action of the chancery court in that behalf became final and binding on all the parties to that suit.

The chancery court suit not only sought to have the sheriff's sale under execution hereinbefore mentioned set aside and cancelled but the complainant therein, Jewel Boatright, also sought to recover damages in the sum of $4,145.30 representing a loss that she had sustained in soil bank payments under two contracts that she had entered into with the Federal Administrative Agency of the Soil Bank Law in Washington County, Mississippi, upon the ground that the defendants in that suit, Mr. and Mrs. L. D. Horton, had unwarrantedly interfered with her consummation of said contracts and her collection of benefits to be received thereunder.

At the conclusion of the chancery court proceeding the chancellor not only cancelled and held for naught the sale made by the sheriff to the then defendants, Mr. and Mrs. L. D. Horton, but he further stated in his opinion "that the Court being of the opinion and finding that it has no jurisdiction or authority in this cause to award damages declines to make any adjudication or any order

awarding damages or refusing to award damages for the alleged losses on the soil bank contracts claimed by the complainant against the defendants, and, therefore, dismisses the bill of complaint without prejudice only insofar as the issues arising out of the claim for such damages are concerned.''

Moreover, in that decree the chancery court found and adjudicated ''that the court finds that a reasonable rent for the use and occupation of the interest of the complainant in said land by the defendants for the year 1958 is the sum of $2,000 and that the complainant, Jewel Boatright, is hereby awarded a personal judgment against the defendants, L. D. Horton and his wife Mrs. L. D. Horton, jointly and severally in the sum of $2,000.'' There was no appeal perfected from this decree, and after the rendition thereof the said Mr. and Mrs. L. D. Horton paid unto Jewel Boatright the said $2,000 awarded to her as rent on her land for the year 1958. Of course she was not entitled to receive rent on her land for the said year and also recover soil bank payments from the Federal Government for the non-use of said land for that year.

In early 1959, Jewel Boatright filed the instant suit in the County Court of Washington County to recover the remaining $2,145.30 in soil bank payments after the said payments due her had been credited with the said $2,000.00 collected as rent for the same year. There was a directed verdict in the county court in favor of the defendants. The plaintiff prosecuted an appeal to the circuit court where a verdict was directed in her behalf for damages on account of the loss resulting to her by the interference of the defendants with her collection of the soil bank payments for the year 1958. The judgment in her behalf was for the sum of $2,145.30, since she had already accepted the $2,000.00 as rent for her land for the same year, 1958. We think that the directed verdict in the circuit court should have been for the defendants

since the former decree of the chancery court allowing her $2,000.00 rent on her land for 1958 was not appealed from and was fully carried out and satisfied by the defendants. We do not think that she was entitled to collect and retain the $2,000.00 as rent for her land for the year 1958 on the theory that her former husband, O. R. Horton, was liable to her for the rent for that year as agent of his parents who had purchased the land at the void execution sale, and at the same time recover soil bank payments from the government upon the theory that it had not been used during that year.

■■ ■ Having accepted the judicial award of rent for the year 1958, we think that the appellee is precluded from now obtaining damages for loss of soil bank benefits for that year. She is not entitled to them and to claim and accept rent from her former husband for the use of the land.

The trouble with the appellee's position is that under the decree of the chancery court on September 5, 1958, the said court, instead of awarding her soil bank payments, awarded her $2,000.00 as rent on her land for the same year and she accepted the said $2,000.00 as rent and did not appeal from that decree. If she wanted to treat that payment as a payment on the $4,145.30 soil bank payment allegedly due her, she should have appealed from the action of the chancery court in declining to pass on the question of whether she was entitled to a further sum in soil bank payments. In the instant case, in her pleadings, she credited the $4,145.30 with the $2,-000.00 that she had received as rent and sought and obtained a judgment for the balance of $2,145.30.

It follows that we are of the opinion that the circuit court should have directed a verdict in favor of the defendants and that the judgment must, therefore, be reversed and judgment rendered her for the appellants, the appellants being Mrs. L. D. Horton, Mrs. Lillie Mae

Horton, executrix of the estate of L. D. Horton, deceased, and O. R. Horton.

Reversed and judgment here for the appellants.

*Kyle, Arrington, Ethridge* and *Rodgers, JJ.,* concur.